UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TROY L. JONES, JR.,

        Plaintiff,

v.

CHRISTOPHER HAVERDINK et al.,

        Defendants.

_____/

Case No. 1:22-cv-418

Honorable Robert J. Jonker

## OPINION

      This is a civil rights action brought by a person held in county jail under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint in part because it fails to state a claim, in part under the *Younger* abstention doctrine, and in part because the Court declines to exercise supplemental jurisdiction over state law claims.

**Discussion**

I.   **Factual Allegations**

Plaintiff is presently incarcerated at the Allegan County Jail. The events about which he complains occurred while Plaintiff was confined at that facility. Plaintiff sues Defendants Detective Christopher Haverdink, Former Assistant District Attorney Meredith Beidler, Circuit Court Judge Roberts A. Kengis, Assistant District Attorney Elizabeth Peterson, and District Attorney Myrene Koch. Plaintiff's complaint is not a model of clarity. However, it appears that he is alleging a variety of misconduct on the part of Defendants in relation to his ongoing state criminal prosecutions, including one involving a guilty plea conviction on which plaintiff is awaiting sentence. Plaintiff asserts claims of police corruption, falsifying court documents, lying during a police investigation, the illegal recording of a witness interview for use in a criminal case, and preventing Plaintiff from posting bond.

A search of Plaintiff's name in the Allegan County Circuit Court records turns up three active cases: *State of Michigan v. Jones*, No. 2020-0000024036-FH (Allegan Cnty. Cir. Ct.); *State of Michigan v. Jones*, No. 2021-0000024275-FH (Allegan Cnty. Cir. Ct.); and *State of Michigan v. Jones*, No. 0000024724-FH (Allegan Cnty. Cir. Ct.). *See* https://www.allegancounty.org/courts-law-enforcement/48th-circuit-court (select "Circuit Court Case Search," search Last Name "Jones," First Name "Troy," Birth Year "1971," last visited Aug. 14, 2022). According to the publicly available docket, Plaintiff has entered a plea in 2021-0000024275-FH and sentencing is scheduled on August 26. The other two cases are ongoing and hearings are scheduled in those cases on August 26 as well. It appears that the issues Plaintiff raises in this case are also before the Allegan County Circuit Court as part of Plaintiff's motions to dismiss the charges in the two ongoing cases.

Plaintiff's allegations of wronging, in a nutshell, are that Defendants are retaliating against him in the new and pending criminal matters because he listed the Allegan County Prosecutor's Office as a Defendant in a 2010 civil rights action. Defendant Koch was employed as an ADA [Assistant District Attorney] at the time, and Defendant Haverdink was also named in the lawsuit. According to Plaintiff, Defendants Koch and Haverdink orchestrated the new pending series of criminal proceedings without proper legal or factual authority in retaliation for the civil suit filed a decade earlier. Plaintiff claims that each named Defendant played some role in executing the retaliatory prosecution scheme and violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments, as well as under state law. Plaintiff fails to specify the relief that he is seeking in this case. The state criminal prosecutions remain pending.

## II.     Failure To State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff fails to specify the relief he is seeking in this case. However, it is clear that Plaintiff is, at least in part, challenging his incarceration in the Allegan County Jail. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, and he seeks release, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing

defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

### III. *Younger* Abstention

If Plaintiff seeks any relief other than release, the Court will abstain from deciding such issues under the doctrine of *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the matters that resulted in his allegedly unconstitutional detention relate to criminal cases that are ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges. Indeed, the challenges appear to be the subject of pending motions. "Abstention is appropriate unless state law *clearly bars* the interposition of the

5

constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings or subsequent appeals, if any.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue*, *Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). The Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806-08 (3d ed. 1999)); *see also, e.g., McNatt*[ ], 37 F.3d 629 [ ] (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). Plaintiff's allegations accuse the Defendants of misconduct, but he has not alleged repeated prosecutions where the officials have no hope of success or intention to follow through. To the contrary, Defendants continue to vigorously pursue Plaintiff's prosecution in multiple cases. Nor has Plaintiff alleged a facially plausible theory of retaliation over a civil lawsuit filed a decade ago.

Because Plaintiff's allegations do not implicate any of the *Younger* exceptions, the *Younger* abstention doctrine applies here. Consequently, so long as Plaintiff's criminal proceedings remain

6

pending in state court, the Court will not review Defendant's actions in connection with his pretrial detention. Those claims are properly dismissed without prejudice.

## IV. State Law Claims

Finally, Plaintiff mentions some claims that might be based on state tort law. To the extent that Plaintiff is asserting violations of state law, the Court notes that claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Any assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however,

7

remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims challenging the fact or duration of his present confinement and seeking release will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Further, Plaintiff's claims that seek any other type of relief can be raised and have been raised in his present criminal proceedings. Accordingly, the Court will abstain from deciding such claims under *Younger v. Harris*. Finally, to the extent that Plaintiff is raising state law claims, the Court declines to exercise supplemental jurisdiction over them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:     August 22, 2022               /s/ Robert J. Jonker
                                                                           Robert J. Jonker
                                                                           United States District Judge